MARINELAND RECORD CO., JOHN GUARDADO, A PARTNER OTHER THAN THE TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marineland Record Co. v. Commissioner
Docket No. 1236-89
United States Tax Court
T.C. Memo 1992-532; 1992 Tax Ct. Memo LEXIS 554; 64 T.C.M. (CCH) 709; September 9, 1992, Filed *554 For John Guardado, pro se. For respondent: Wendy S. Harris. DAWSON
DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case has been assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: This matter is before the Court on respondent's motion for summary judgment. Respondent issued to petitioner a Notice of Final Partnership Administrative Adjustment (FPAA) on October 19, 1988, which determined adjustments to petitioner's partnership income tax return for its 1982 taxable year. The adjustments set forth in the FPAA disallowed deductions for equipment rental, sales expense, bank charges, and office expense in the total amount of $ 44,029. In addition, respondent disallowed petitioner's claimed basis in investment credit property in the amount of $ 1,000,000. *555 All of the adjustments determined by respondent are in dispute. Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) provides that a decision shall be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. ; . The burden of proving that there is no genuine issue of material fact is on the moving party. . FINDINGS OF FACT On July 15, 1991, respondent served upon petitioner a request for admissions. Petitioner failed to respond to the request for admissions. Accordingly, each matter set forth in the request for admissions is deemed admitted. Rule 90(c). Based on the deemed admissions there are no genuine issues of material fact, and *556 respondent's motion for summary judgment may be considered on its legal merits. Marineland Record Co. (Marineland), is a partnership which was organized on September 15, 1982. At the time the petition was filed in this case, petitioner's address was 623 W. 9th Street, San Pedro, California 90731. On December 17, 1982, Marineland entered into a lease agreement with Soundwave International, Inc., dba Stack-O-Hits (Stack-O-Hits), to lease the rights to a master recording entitled "Long Ago and Far Away" and recorded by Frank Sinatra, for a total lease payment of $ 1,000,000. Under the terms of the lease Marineland was required to pay at the time the lease was executed a first year rental of $ 40,000, and a 6-year prepaid minimum rent of $ 10,000. Marineland paid the $ 40,000 rental payment at the time the lease was executed, but did not pay the prepaid minimum rent of $ 10,000. On March 1, 1984, a permanent injunction was granted against the continued master recording operation of Stack-O-Hits pursuant to section 7408. On its 1982 income tax return, Marineland deducted $ 44,029 as an ordinary loss based on the rental payment plus the other miscellaneous payments. Marineland also *557 claimed that the partnership acquired qualified investment credit property in the amount of $ 1,000,000. This claim was based on the master recording having a fair market value of $ 1,000,000. Prior to entering into the lease agreement, Marineland did not make any investigation to determine whether the master recording would produce a profit in the commercial market. At the time of the investment in the master recording Marineland had no background or expertise, nor did it hire or consult with any recording industry experts pertaining to the production, promotion, or marketing of master recordings or any other phase of the recording industry. Marineland did not investigate the experience or the financial background of Stack-O-Hits. The promotional material received by Marineland prior to its investment in the master recording with Stack-O-Hits extensively emphasized the tax benefits. No independent negotiations for the master recording took place concerning the price or terms of the lease contract. Marineland did not verify the appraisal of the master recording with an independent appraiser, but relied solely on two appraisals furnished by Stack-O-Hits. Marineland relied exclusively *558 on legal counsel furnished by Stack-O-Hits for its legal advice. Marineland paid a distribution fee of $ 4,000 to an affiliate of Stack-O-Hits to market and distribute records and tapes. However, no records or tapes were ever produced or distributed. In fact, the fee was simply another payment for additional tax benefits. At no time did Marineland ever make any independent effort to produce, promote, or market the master recording. Marineland's decision to invest in the master recording was not based on a profit objective, but on the promised tax benefits. OPINION Based on the facts and Marineland's admissions, it is clear that its investment in the master recording had no economic substance and was motivated solely by tax considerations. Only in those transactions where it can be shown that an investment has economic substance, and was not motivated or shaped solely for tax benefits, will it be recognized for tax purposes. ; ; see also . Accordingly, we conclude that Marineland *559 is not entitled to receive any tax credits or deductions based on this investment, and respondent's adjustments are sustained. Therefore, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.